UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT P. MAILLOUX, JR., Individually, and as Administrator of the Estate of KIMBERLY A. MAILLOUX; and as Natural Parent and Guardian of A.M., a Minor
*Plaintiff*

vs. C.A. No.:

ROBERT G. MCRAE, M.D.; and UNIVERSITY OTOLARYNGOLOGY – HEAD AND NECK SURGERY, INCORPORATED
*Defendants*

Jury Trial Demanded

# COMPLAINT

## Jurisdiction

1. Jurisdiction is vested in this Court by virtue of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

2. Venue is proper in that all of the alleged negligent acts and omissions forming the basis of Count I through III occurred in the District of Rhode Island.

3. The amount in controversy exceeds $75,000.00.

## Parties

4. Plaintiff Robert P. Mailloux, Jr. is a resident in the city of Fall River, Massachusetts.

5. Plaintiff Robert P. Mailloux, Jr. was appointed Administrator of the Estate of Kimberly A. Mailloux on December 15, 2020 in the Bristol Probate and Family Court in Taunton, Massachusetts.

6. Plaintiff Robert P. Mailloux, Jr. brings this civil action pursuant to the provisions of R.I.G.L. § 10-7-1, *et seq.*, in his capacity as the Administrator of the Estate of Kimberly A. Mailloux, who died on October 9, 2019, in his individual capacity as the husband of decedent Kimberly A. Mailloux, and as the natural parent and next friend of A.M., a minor, who is the natural child of decedent Kimberly A. Mailloux.

7. Defendant Robert G. McRae, M.D., upon information and belief, is licensed to practice medicine and does practice medicine in the State of Rhode Island. At all relevant times hereto, defendant Robert G. McRae, M.D. held himself out to be a specialist in otolaryngology.

8. Defendant University Otolaryngology – Head and Neck Surgery, Incorporated is a domestic profit corporation organized and existing under the laws of the State of Rhode with its principal place of business located in Providence, Rhode Island.

**Factual Allegations**

9. On October 2, 2019, plaintiff's decedent, Kimberly A. Mailloux, presented to Rhode Island Hospital for a tonsillectomy, which was performed by defendant Robert G. McRae, M.D.

10. After being discharged on October 2, 2019, plaintiff's decedent, Kimberly A. Mailloux returned by ambulance to Rhode Island Hospital because she started expectorating blood at home and she was admitted to Rhode Island Hospital from October 2, 2019 until October 5, 2019.

11. On October 3, 2019, plaintiff's decedent Kimberly A. Mailloux continued to bleed leading defendant Robert G. McRae, M.D. to attempt to control her post-operative hemorrhage surgically.

12. Throughout her admission, plaintiff's decedent Kimberly A. Mailloux had difficulty with pain management and oral intake.

13. On October 8, 2019, plaintiff's decedent Kimberly Mailloux began to bleed profusely and plaintiff Robert P. Mailloux, Jr. transported Kimberly A. Mailloux to Charlton Memorial Hospital, near their home in Fall River, Massachusetts.

14. Upon arrival, it was noted that plaintiff's decedent Kimberly Mailloux's bleeding originated from the region of her left tonsil.

15. On October 9, 2019, plaintiff's decedent Kimberly A. Mailloux exsanguinated due to an arterial bleed in the area of her left tonsil, and was pronounced deceased at 12:42 a.m. on October 9, 2019.

**COUNT I**

**NEGLIGENCE OF ROBERT G. MCRAE, M.D.**

16. Paragraphs 1 through 15 are hereby incorporated in this Count I by reference as if fully set forth at length herein.

17. On or about October 2, 2019, and thereafter, defendant Robert G. McRae, M.D. undertook for valuable consideration to provide medical care and treatment to Kimberly A. Mailloux.

18. It then and there became the duty of defendant Robert G. McRae, M.D to exercise that degree of care and skill in providing health care and treatment to Kimberly A. Mailloux that is expected of a reasonably competent practitioner in the same class to which he belongs, rendering similar services or acting in the same or similar circumstances.

19. Nevertheless, defendant Robert G. McRae, M.D. failed to exercise the requisite degree of skill and diligence and negligently treated Kimberly A. Mailloux, thereby causing her to suffer and become afflicted with grave and severe personal injuries, causing her to suffer great pain of body, mind, nerves and nervous system, extreme conscious pain and suffering, and ultimately death on October 9, 2019.

20. As a direct and proximate result of the negligence of Robert G. McRae, M.D. and the resulting death of Kimberly A. Mailloux, her legal beneficiaries have suffered pecuniary damages recoverable pursuant to R.I. Gen. Laws § 10-7-1, *et seq.*

21. The Estate of Kimberly A. Mailloux also seeks damages pursuant to R.I.G.L. § 10-7-1, *et seq.*, including §§ 10-7-1.1, 2, 5, 6, 7 and 8.

22. As a direct and proximate result of the negligence of defendant Robert G. McRae, M.D., and the resulting death of Kimberly A. Mailloux, plaintiff, Robert P. Mailloux, Jr. has suffered, and in the future will suffer, a loss of consortium,

society, and companionship due to the death of his wife, Kimberly A. Mailloux, pursuant to R.I. Gen. Laws § 10-7-1.2(a).

23. As a direct and proximate result of the negligence of defendant Robert G. McRae, M.D., minor plaintiff A.M., has suffered, and will in the future suffer a loss of society and companionship due to the death of her mother, Kimberly A. Mailloux, pursuant to R.I. Gen. Laws § 10-7-1.2(b).

WHEREFORE, plaintiff Robert P. Mailloux, Jr., individually, as Administrator of the Estate of Kimberly A. Mailloux, and as Natural Parent and Next of Friend of A.M., a minor, demands judgment against defendant Robert G. McRae, M.D. for compensatory damages, plus interest and costs.

## COUNT II

## VICARIOUS LIABLITY OF DEFENDANT UNIVERSITY OTOLARYNGOLOGY – HEAD AND NECK SURGERY, INCORPORATED

24. Paragraphs 1 through 23 are hereby incorporated in this Count II by reference as if fully set forth at length herein.

25. On or about October 2, 2019, and thereafter, defendant Robert G. McRae, M.D. was an employee or agent of University Otolaryngology – Head and Neck Surgery, Incorporated and the conduct at issue occurred in the course of said employment or agency.

26. Defendant University Otolaryngology – Head and Neck Surgery, Incorporated is liable for the negligence of its employee or agent, defendant Robert G. McRae, M.D.

WHEREFORE, plaintiff Robert P. Mailloux, Jr., individually, as Administrator of the Estate of Kimberly A. Mailloux, and as Natural Parent and Next of Friend of A.M., a minor, demands judgment against defendant University Otolaryngology – Head and Neck Surgery, Incorporated for compensatory damages, plus interest and costs.

**COUNT III**

**NEGLIGENT CREDENTIALING – DEFENDANT UNIVERSITY OTOLARYNGOLOGY – HEAD AND NECK SURGERY, INCORPORATED**

27. Paragraphs 1 through 26 are hereby incorporated in this Count III by reference as if fully set forth at length herein.

28. On or about October 2, 2019 and continuing thereafter, defendant University Otolaryngology – Head and Neck Surgery, Incorporated, a medical care provider and facility licensed by the State of Rhode Island, undertook for valuable consideration to provide health care treatment to Kimberly A. Mailloux.

29. Defendant University Otolaryngology – Head and Neck Surgery, Incorporated owed a duty to its patients, including Kimberly A. Mailloux, to provide quality comprehensive health care services through health care professionals providing health care services at or with the defendant's facility, including but not limited to its staff and attending physicians.

30. Defendant University Otolaryngology – Head and Neck Surgery, Incorporated's legal duty included, but was not limited to, the duty to exercise reasonable care in its activities associated with the granting and renewal of clinical

privileges to its staff physicians, including co-defendant Robert G. McRae, M.D., the duty to develop, promulgate and enforce the standards, mechanisms, criteria, and policies for granting and renewing clinical privileges to its staff physicians, and the duty to investigate, monitor and evaluate the training, experience, competence, skill and performance of the physicians to whom the defendant intends to grant or has granted clinical privileges.

31. Defendant University Otolaryngology – Head and Neck Surgery, Incorporated owed a duty to its patients, including plaintiff's decedent Kimberly A. Mailloux, to exercise a degree of care and diligence that was ordinarily possessed by a medical institution of the same specialty or rendering similar services with respect to investigating, establishing and enforcing the qualifications and capabilities of its physicians, and monitoring the clinical skills of its physicians in order to ensure that the care and treatment provided to patients by its physicians was within the delineated clinical privileges, conformed to all applicable standards, and to ensure that care and treatment provided at or within defendant's facility was commensurate with the competence, experience and skill of the particular physician.

32. However, defendant University Otolaryngology – Head and Neck Surgery, Incorporated breached its legal duty by failing to exercise the requisite degree of care. Without limiting the generality of the foregoing, defendant University Otolaryngology – Head and Neck Surgery, Incorporated was negligent by: (a) granting and/or renewing clinical privileges to defendant Robert G. McRae, M.D. for procedures which he was unqualified to perform; (b) failing to investigate

and determine the competency of defendant Robert G. McRae, M.D. to perform certain procedures for which he was granted privileges; (c) failing to monitor and evaluate the clinical performance of defendant Robert G. McRae, M.D.; (d) allowing defendant Robert G. McRae, M.D. to perform procedures which defendant knew, or should have known, he was not qualified or competent to perform; and (e) otherwise failing to take measures to ensure that defendant Robert G. McRae, M.D. provided quality care and treatment to patients at or within defendant's facility.

33. As a direct and proximate result of the negligence of defendant University Otolaryngology – Head and Neck Surgery, Incorporated, co-defendant Robert G. McRae, M.D. medically and/or surgically treated Kimberly A. Mailloux in a manner in which he was at the time unqualified and incompetent to perform, and his treatment was performed in a manner which fell below the applicable standard of care.

34. As a direct and proximate result of the negligence of defendant University Otolaryngology – Head and Neck Surgery, Incorporated, Kimberly A. Mailloux was caused to suffer and become afflicted with grave and severe personal injuries, was caused to suffer great pain of body, mind, nerves and nervous system, extreme conscious pain and suffering, and ultimately caused her death on October 9, 2019.

35. As a direct and proximate result of the negligence of defendant University Otolaryngology – Head and Neck Surgery, Incorporated, and the

resulting injuries and death of Kimberly A. Mailloux, her legal beneficiaries have suffered pecuniary damages recoverable pursuant to R.I. Gen. Laws § 10-7-1, *et seq.*

36. The Estate of Kimberly A. Mailloux also seeks damages pursuant to R.I. Gen. Laws § 10-7-1, *et seq.*, including §§ 10-7-1.1, 2, 5, 6, 7, and 8.

37. As a direct and proximate result of the negligence of defendant University Otolaryngology – Head and Neck Surgery, Incorporated, plaintiff Robert P. Mailloux, Jr., has suffered, and in the future will suffer, a loss of consortium, society, and companionship due to the death of his wife, Kimberly A. Mailloux, pursuant to R.I. Gen. Laws § 10-7-1.2(a).

38. As a direct and proximate result of the negligence of defendant University Otolaryngology – Head and Neck Surgery, Incorporated, minor plaintiff A.M., has suffered, and will in the future suffer, a loss of society and companionship due to the death of her mother, Kimberly A. Mailloux, pursuant to R.I. Gen. Laws § 10-7-1.2(b).

WHEREFORE, plaintiff Robert P. Mailloux, Jr., individually, as Administrator of the Estate of Kimberly A. Mailloux, and as Natural Parent and Next of Friend of A.M., a minor, demands judgment against defendant University Otolaryngology – Head and Neck Surgery, Incorporated.

**Demand for Jury Trial**

Plaintiff demands a trial by jury and designates Patrick C. Barry, Esq. as lead trial counsel pursuant to LR Gen 206(c).

Plaintiff,

ROBERT P. MAILLOUX, JR. Individually, and as Administrator of the Estate of KIMBERLY A MAILLOUX; and as Natural Parent and Guardian of A.M., a Minor

By their Attorneys,

Decof, Barry, Mega & Quinn, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641
Emails: pcb@decof.com; tjg@decof.com

/s/Patrick C. Barry
Patrick C. Barry, Esq. Bar No. 5631

/s/Timothy J. Grimes
Timothy J. Grimes Bar No. 8820

Dated: March 5, 2021

Mailloux P001